[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The jury returned a verdict for the defendant and the plaintiff has moved to set aside the verdict. He argues four grounds.
 I.
The plaintiff complains that the court failed to single out for a jury instruction a remark made by defense counsel. The court did, however, instruct the jury to disregard counsel's question to which an objection had been sustained and did charge CT Page 5261-DDDDDD the jury to regard as evidence only sworn testimony and exhibits. The jury was explicitly told the remarks of counsel were argument and not evidence. Here the plaintiff was not deprived of the opportunity for a fair trial. Holbrook v. Casazza, 204 Conn. 336,355-6. The court does not believe the verdict should be set aside in these circumstances.
 II.
The plaintiff argues that he was unduly restricted in cross-examination of the defendant. The court did initially sustain an objection to counsel's questions concerning the location of the vehicles after the accident, but reversed itself and subsequently counsel did cross-examine the defendant in that respect. The court can find no need to set aside the verdict on these grounds.
 III.
The plaintiff argues the court failed to submit requested interrogatories to the jury with the verdict forms. The interrogatories were, however, evidentiary in nature, tracked the plaintiff's argument, called for, in one instance, multiple answers and were not drafted to avoid a general verdict. Ubyaz v.DiPietro, 185 Conn. 47, 61-62. In these circumstances, the court does not believe the verdict should be set aside. See Hammond v.Waterbury, 219 Conn. 569; Merrill Lynch v. Cole, 189 Conn. 518,527.
 IV.
The plaintiff argues he was prejudiced by the court's allowance in evidence of a videotape of his clearing snow at his home. The court did interrupt the trial to allow the plaintiff to take depositions of the defendant's investigators before the tape was admitted. The court also indicated it was disposed to grant the plaintiff a continuance to obtain his doctor's testimony or written report concerning the doctor's viewing of the tape and the doctor's opinion thereafter concerning the plaintiff's permanent partial disability. The plaintiff declined to present further evidence from the doctor. Considering the probative nature of the tape and the court's efforts to avoid any prejudice to the plaintiff because of its late disclosure, the court finds no grounds to set the verdict aside. CT Page 5261-EEEEEE
Accordingly, the motion to set aside the verdict is denied.
/s/ McDonald, J. McDONALD